# VIOLATION REPORT

## U.S. PRETRIAL SERVICES OFFICE

## MEMORANDUM

FILED
CHARLOTTE, N. C.

AUG 1 1 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

DATE: August 8, 2005

TO: The Honorable David C. Keesler
U.S. Magistrate Judge

FROM: David L. Waddell
Senior U.S. Probation Officer

RE: **Meredith A. CUNNINGHAM**
**3:04CR80-01-MU**
**Notification of Bond Violation**
**WARRANT REQUESTED**

---

## RELEASE STATUS:

Meredith A. Cunningham appeared before U. S. Magistrate Judge David C. Keesler on 5/6/04 for an Initial Appearance. He was charged with Possession of a Firearm by a Convicted Felon, in violation of 18 USC 922 (g)(1). Defendant was released under a $25,000 unsecured bond with the standard conditions of Pretrial supervision. On 1/27/05, the defendant appeared before U. S. Magistrate Judge Carl Horn III on a Bond Revocation hearing. The defendant was ordered released on a $25,000 unsecured bond with the standard conditions of Pretrial supervision, to include a 10PM curfew.

## APPARENT VIOLATION:

1. The defendant violated condition number 1 of his release which states, "The defendant shall not commit an offense in violation of federal, state, or local law while on release in this case."

   **The defendant violated this condition on 3/30/05 by being arrested by the Charlotte-Mecklenburg Police Department and charged with *Driving While License Revoked, Reckless Driving to Endanger, and Misdemeanor Resisting Public Officer*.**

   **The defendant violated this condition again on 7/28/05 by being arrested by the Charlotte-Mecklenburg Police Department and charged with *Felony Possess with Intent to Sell and Deliver Cocaine, Misdemeanor Possess Marijuana Up To 1/2 Ounce, Felony Possess Schedule I Controlled Substance, Misdemeanor Possess Drug Paraphernalia, and Misdemeanor Resisting Public Officer* (See attached copy of police report).**

2 Defendant violated condition number 7(n) of his release which states, "The defendant shall submit to any method of testing required by the Office of Probation and Pretrial Services for determining whether the defendant is using a prohibitive substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibitive substance screening or testing."

**The defendant violated this condition on 5/12/05, when he tested positive for cocaine usage. Defendant called the probation office on 6/2/05, leaving a voicemail admitting to drug use. The defendant violated this condition again on 5/23/05, when he tested positive for cocaine usage. The defendant submitted to this urinalysis at the McLeod Drug Treatment Center's Code-A-Phone Treatment Program. Also, the defendant failed to show at McLeod for a random urinalysis testing on 6/10/05 and 7/6/05.**

3 Defendant violated condition number 7(r) of his release which states, "The defendant shall report as soon as possible to the Office of Probation and Pretrial Services any contact with any law enforcement personnel, including, but not limited to any arrest, questioning, or traffic stop."

**The defendant failed to report his contact and/or arrest as alleged in violation number 1 of this report to the U. S. Probation Officer.**

## SUMMARY OF DEFENDANT'S ADJUSTMENT TO SUPERVISION:

Since Mr. Cunningham's original release on bond on 5/6/04, and his re-release on bond on 1/27/05, he has proven to be a difficult person to supervise. Mr. Cunningham continues to be arrested by the Charlotte-Mecklenburg Police Department, charged with numerous offenses. He fails to notify the probation officer of his arrests and/or law enforcement contact. However, Mr. Cunningham did provide the probation officer an employment checkstub from Pro Force Staffing Inc., where he works for Howard Brothers Electric of Charlotte, NC. It is unknown, however, if Mr. Cunningham continues in this employment.

## SUMMARY OF OFFICER INTERVENTION:

The defendant was reassigned to this officer in March, 2005 due to the difficulty in supervising Mr. Cunningham under Pretrial supervision. Since March, 2005, the defendant has tested positive twice for cocaine, and has admitted to the use of drugs. In this short time, Mr. Cunningham has also been arrested by the Charlotte-Mecklenburg Police Department, and has at least seven (7) pending charges, to include misdemeanor and felony offenses, some of which are cocaine and marijuana charges. Mr. Cunningham does not present himself to the probation office as an individual who is seeking help and guidance through this Pretrial stage. Yet, he presents himself to the probation office as an individual who constantly needs his criminal record check conducted, as well as urinalysis testing to detect whether or not he violates bond.

Meredith A. CUNNINGHAM
3:04CR80-01-MU

**RECOMMENDATION:**

Based on the defendant's continued involvement in criminal activity, it is this officer's opinion that he is a danger to the community. It is further my opinion that, based on his continued drug use, he is also a danger to the community and himself. **Therefore, it is recommended that Mr. Cunningham's bond be revoked, and that he be held in custody pending his appearance in U. S. District Court in Charlotte, NC.**

I declare under penalty of perjury that the foregoing is true and correct.

Submitted this 8th day of August, 2005.

David L. Waddell
Senior U.S. Probation Officer

DLW:gm


Approved by:

Jeffrey L. Helms
Supervising U.S. Probation Officer

cc:     AUSA C. Nicks Williams

       U.S. Marshal

       David Q. Burgess
       101 N. McDowell St., Suite 216
       Charlotte, NC 28204
       704-377-9800 (Office)
       704-377-9828 (Fax)
       Defense Counsel

       USPO Kathleen Golden
       PSI Officer

# CHARLOTTE-MECKLENBURG POLICE DEPARTMENT

Officer/Internal Incident Report
Confidential Law Enforcement Data

| Document: Supplement | Document# 2 | Document Date: 08/03/2005 | Document Status: Approved | Complaint #: 20050728-1138-00 |
|---|---|---|---|---|

| | |
|---|---|
| 1. Type of Drug: | Narcotics |
| 2. Specific Drug: | Marijuana |
| 3. Quantity of Drug: | 11.7 |
| 4. Measurement of drug quantity: | Gram |
| 5. Were the drugs seized? | Yes |
| Drug #3 | |
| 1. Type of Drug: | Other Drugs |
| 2. Specific Drug: | Other |
| Other | Ecstasy |
| 3. Quantity of Drug: | 3 |
| 4. Measurement of drug quantity: | Dosage Unit/Items (pills, etc.) |
| 5. Were the drugs seized? | Yes |

### NARRATIVE

| Type: Public Release | Additional paper supplements/statements? Yes |
|---|---|
| Reporting Officer: E L NESBITT   002267 | Entered Date/Time: 08/01/2005  1133 |

On the 28th day of July 2005, Officers received some information that stated a black male subject would be transporting some crack cocaine to the Sam's Mart parking lot at 1120 W. Sugar Creek Road. Officers were advised that the suspect had arrived in a tan four door Ford Explorer and had backed up beside the vacuum behind the store. Officers arrived on scene and began to make contact with the subjects in the vehicle. The passenger then opened the front passenger door and ran from the vehicle. The subject was detained in the parking lot where he was found to be in possession of crack cocaine and a scale. Officers also found marijuana and ecstasy in the vehicle that belonged to the suspect. The suspect was arrested on drug offenses and resisting public officer.

### NARRATIVE

| Type: Confidential | Additional paper supplements/statements? No |
|---|---|
| Reporting Officer: E L NESBITT   002267 | Entered Date/Time: 08/02/2005  1500 |

On the 28th day of July 2005, Officer Nesbitt received some information that stated a black male subject who goes by the name of "Lil. Mert" would be transporting some crack cocaine to the Sam's Mart parking lot at 1120 W. Sugar Creek Road. I then advised the other officers that were working the prostitution reversal with me of the information that I had received via radio. Officer T. White #1873 then advised that he subject's real name was Meredith Cunningham and that he lives at 1316 Squirrel Hills Road. Officer T. White stated that Meredith was a black male who was approximately 5'05" to 5'06", about 155 pounds, brown skinned with a low hair cut. Officer T. White also stated that Meredith will run from or try to fight with officers. I then received more information that Meredith was the passenger of a tan four door Ford Explorer that was backed up beside the vacuum behind the store of the Sam's Mart parking lot.

Officers arrived on scene and began to make contact with the subjects in the vehicle. The passenger then opened the front passenger door and ran from the vehicle. After a short foot chase, the subject was detained in the parking lot where he was found to be in possession of crack cocaine and a scale. The crack cocaine was found after Meredith spat two clear bags of drugs out of his mouth. I then went over to the vehicle that Meredith ran from and found that a black female was the driver of the vehicle. After speaking with the driver, I found her name to be Deandra Lattamore, DOB: 11-20-1984 who lives at 1316 Squirrel Hill Road which was the same address as Meredith. Deandra then advised that she was the Meredith's girlfriend and the mother of his kids and that she was trying to hide the marijuana that was on the passenger seat in the center console of the vehicle. I then found marijuana and ecstasy in the center console of the vehicle that belonged to the Meredith. The suspect was arrested for PWISD Cocaine, Poss. Marijuana, Poss. of Schedule 1 (Ecstasy), P.D.P., and resisting public officer.

Meredith was taking to a secure location to wait for his paper work to be completed in order for him to be transported to intake. While waiting Meredith looked up and said, "I told my girl friend that this was going to happen

# CHARLOTTE-MECKLENBURG POLICE DEPARTMENT

Officer/Internal Incident Report
Confidential Law Enforcement Data

| Document: | Document# | Document Date: | Document Status: | Complaint #: |
|---|---|---|---|---|
| Supplement | 2 | 08/03/2005 | Approved | 20050728-1138-00 |

to me. We were talking last night and I told her that this was going to happen". Meredith then stated that wanted to try to do something to help himself out of the trouble that he had gotten into. He stated that he could call and have some drugs delivered to him. Meredith tried to place a call to a subject who he knows by the name of "Tom Tom". Meredith was unable get in touch with this subject because the battery on Meredith's phone was not charged. I then turned the drugs into property control why Officer T. White transported Meredith to the intake center.

## NARRATIVE

| Type: | Additional paper supplements/statements? |
|---|---|
| Confidential | |
| Reporting Officer: | Entered Date/Time: |
| D P RICE    000102 | 08/03/2005 1231 |

**OFFICER ARRESTED SUBJECT. Case Status changed to Closed/Cleared. No Further action is required at this time.**

Print Screen

Complaint No # 20050728-1138-00

| NARRATIVE | | |
|---|---|---|
| Type: Officer/Internal | Additional Paper Supplements/Statements: No | |
| Reporting Officer: PEETZ, JASON E (002808) | Section: 07-NORTH TRYON DIVISION | Entered Date/Time: 08/02/2005 1536 |

Narrative:
On 28 July 2005 I was operating as an undercover officer driving in an undercover vehicle while assisting other officers with a narcotics operation. At approximately 1045 hours, officers received confidential reliable information that the suspect (later identified as MEREDITH ANTONIO CUNNINGHAM) was in possession of and delivering approximately 1/4 ounce of crack cocaine to the Shell Station on the corner of E. Sugar Creek Rd. and Reagan Dr.(1120 E. Sugar Creek Rd.). I was assigned to stand by in said PVA at the Shell Station.

At approximately 1100 hours, officers advised over the radio that CUNNINGHAM was in a beige colored Explorer and sitting in the PVA at the Shell Station. I then observed the above described vehicle backing into a parking space next to the Shell Station car wash. This vehicle was the only one matching the aforementioned suspect vehicle description. Marked units were immediately called to the location to conduct a vehicle takedown.

As marked units approached the driver's side of the vehicle, I drove my vehicle to the passenger area of the vehicle in case the suspect jumped and ran. As I put my vehicle in park, CUNNINGHAM opened his door, jumped out and began running at my vehicle. I then exited my vehicle and as CUNNINGHAM ran past me, I reached out and grabbed the upper part of the back of his t-shirt. As CUNNINGHAM began to lose his balance, he attempted to get back to his feet. To prevent further flight, I used my forearm against the back of his neck to push him back to the ground. Once CUNNINGHAM was face down on the ground, I placed my shin across his upper back to hold him in place while I used my hands to grab both his left and right wrists. CUNNINGHAM continued to attempt to push himself off of the ground, so I maintained control of his wrists until other officers came to assist with his detention. I then heard an officer say that CUNNINGHAM had drugs in his mouth. I gave up control of his wrists to other officers while they attempted to place his hands behind his back. As I gave verbal commands for CUNNINGHAM to spit out the drugs in his mouth, I could see he was pressing his lips together tightly in a manner consistent with someone trying to conceal contraband in their mouth. In order to prevent CUNNINGHAM from swallowing the evidence in his mouth, I attempted to bluff him by telling him I was going to use a taser on him if he did not spit out the drugs. Approximately two times I told him, "Spit out the dope, or I'm going to tase you." I then placed my index and middle finger in his upper back (simulating a taser touching his back) and began to give him a countdown. After counting down from three to one, I commanded CUNNINGHAM two last times to "Spit it out." At this point, he began to spit out two medium sized bags (approximately 1/8 of an ounce each). I used my foot to move the bags away from CUNNINGHAM's mouth. I then heard the sound of a taser being deployed but did not see who was using it or where it was being used. At his point, I had disengaged from CUNNINGHAM and began collecting my phone which had fallen off during the course of the arrest.

Print Screen

Complaint No # 20050728-1138-00

| NARRATIVE | | |
|---|---|---|
| Type: Officer/Internal | Additional Paper Supplements/Statements: No | |
| Reporting Officer: WHITE, TIMOTHY A (001873) | Section: 07-NORTH TRYON DIVISION | Entered Date/Time: 08/03/2005 1512 |

Narrative:

On 07/28/2005, I was in my Class B police uniform and operating a marked patrol car with a light bar on the top. I was one of several officers conducting a prostitution reversal near the Brookwood Inn at 1200 W. Sugar Creek Road. I was in a takedown position located at the Economy Inn on Reagan Drive. Sgt. Busker advised that the officers at Brookwood had set up a drug deal. Sgt. Busker asked over the radio if any officers knew someone from Hidden Valley by the name of Lil Mert. I answered over the radio and told him that Lil Mert was Meredith Cunningham. I also advised Sgt. Busker and the other officers that Cunningham was awaiting sentencing on his federal possession of firearm by felon conviction.

The officers involved in the operation were advised that the suspect was going to be making the delivery in an SUV. Officers advised over the radio that Mert was going to possibly be in a black Jeep Cherokee. I was then asked to give the officers involved a description of Cunningham. I advised all of the officers involved that he was a medium complexion black male with a low fade haircut. I also advised that he approximately 5'6" to 5'7" and had a slim build. I further described him having a thin mustache.

I had prior knowledge of the activities Cunningham had been involved in prior to this incident. I knew that Cunningham had already been convicted of his possession of a firearm by a felon charge in federal court. I knew he was awaiting his sentencing on this charge. I also had knowledge of Cunningham from a previous interview I had completed with Jeff Harless and Jeff Stewart from the Violent Crimes Unit. On that occasion, Cunningham had run from Officer Miller from Eastway Division while Miller was working on the robbery task force. Cunningham had also been named as a suspect in a robbery the weekend prior to the running from Officer Miller. I also had previous knowledge that Cunningham had attempted to take a gun from Officer Gilmore during an arrest previously. I knew that Cunningham is an associate of the Hidden Valley Kings and consider him to be one of their drug distributors.

Officer Monteleone and I moved to the Continental Inn after we were told that the deal was going to take place at the Sam's Mart (1120 W. Sugar Creek Road). The Continental Inn was one business away from the Sam's Mart. After moving to the Sam's Mart, Officer Slater advised over the radio that the informant advised that Cunningham was possibly armed with a firearm.

A short time later Officer Slater advised that the informant had called Cunningham back on the phone and Cunningham had advised that he was in the parking lot of the Sam's Mart. Sgt. Busker and Officer Peetz, who were in plain cloths and undercover vehicles inside of the Sam's Mart parking lot, advised that there was a male in a tan Ford Explorer matching the description of Cunningham. Sgt. Busker advised the takedown units to move into the parking lot to apprehend Cunningham. Officer Monteleone and I were in two separate marked patrol cars. Officer Monteleone was in front of me as we exited the parking lot of the Continental Inn. We both pulled onto W. Sugar Creek Road and traveled approximately 45 yards to the entrance of the Sam's Mart parking lot. As we approached the entrance of the parking lot, Sgt. Busker advised over the radio that the vehicle was backing up near the vacuum at the rear of the parking lot. Officer Monteleone drove to the front of the tan Ford Explorer and I placed my vehicle slightly to the right of Monteleone's patrol car. I looked in the tan Ford Explorer and observed Meredith Cunningham in the passenger seat as we were stopping our patrol cars at the front of the Explorer. I saw Cunningham open the passenger door and begin to run toward Reagan Drive through the parking lot. I ordered Cunningham to stop and he continued to run. Officer Peetz attempted to grab Cunningham, at which time, Cunningham fell to the ground. Officer Peetz and other officers attempted to get control of Cunningham on the ground. Cunningham then quickly put his right hand under him toward his waistband as I was approaching the struggle. I kneeled down beside of Cunningham's right hip area and ordered him to give me his hand. Due to my previous knowledge of Cunningham and his past behavior toward law enforcement officers, I then proceeded to deliver two knee strikes to Cunningham's body. The first knee strike hit Cunningham in the right hip and the second knee strike hit him in the ribs. I was going to deliver a third knee strike when Officer Peetz advised he had Cunningham's hand. Cunningham was still trying to use is feet and body to push himself off of the ground. He arched his back and strained to get loose, so I placed my left hand in between his shoulder blades and pushed his upper body back to the pavement. Officer Price then placed a cuff on Cunningham's right wrist and then on his left wrist. Officers began to pat Cunningham for weapons. Cunningham then turned his head to the left and I observed a bulge in his left cheek. Cunningham had his teeth clinched together and I could see the muscles tensed in his face. I repeatedly ordered Cunningham to spit the drugs out of his mouth and he refused. I ordered Cunningham approximately 4 times to spit the drugs out of his mouth. I then began to apply a pressure point on the side of the neck just under the ear. I again repeatedly ordered Cunningham to spit the drugs out of his mouth. I applied continuing pressure to this location for 20 to 30 seconds and had no success in releasing the drugs from Cunningham's mouth. While applying the pressure point, I ordered Cunningham to spit the drugs out approximately 20 times. Cunningham then arched his back and I could hear a tazer had been activated. Cunningham then spit one large bag of crack out of his mouth and then a second large bag of crack. Both bags of crack landed in front of Cunningham's face on the pavement. Cunningham then attempted to grab one of the

bags of crack with his mouth and put it back in his mouth. Officer Price then re-deployed the tazer on Cunningham. Cunningham then released the bag of crack from his mouth and the two bags were removed from his reach. When Cunningham was assisted to his feet, I observed a laceration to the right side of his chin and abrasions on his hands.

Cunningham was then placed in the rear of Officer Quiles' patrol car and transported to room 104 at the Brookwood Inn.

I then transported Cunningham to the North Tryon Division Officer and placed him in the interview room. Cunningham was interviewed by Sgt. Busker and me. Cunningham did not complain of any injury during the time of the interview. Cunningham advised that he knew he had been set up when he saw the police cars arrive in the parking lot. He stated that he was willing to try and work on some of the other drug dealers to help himself out. Cunningham was unable to make any contacts with other drug dealers during the interview.

I then transported Cunningham to the Mecklenburg County Intake Center. The nurse at the intake center advised that Cunningham had to be taken to CMC in reference to the cut on his chin. I transported Cunningham to CMC where he was treated for the cut on his chin, abrasions to his hands, abrasions to his elbows, and an abrasion to his right knee. Cunningham refused stitches to his chin, but did allow the attending physician to glue the cut and apply adhesive strips over it. Cunningham advised me that he knew we thought he was going for a gun, but he was only trying to get the drugs in his mouth while we were at the hospital. I did not question him about the incident and he offered this information voluntarily.

I then transported Cunningham back to intake and processed him.

A copy of the arrest sheet, affidavit, and the 2 medical sheets were given to Sgt. M.J. Smathers when I returned to the office.

END STATEMENT.

Print Screen

| Complaint No # 20050728-1138-00 | | |
|---|---|---|
| **NARRATIVE** | | |
| Type: Officer/Internal | Additional Paper Supplements/Statements: No | |
| Reporting Officer: SLATER, TIMOTHY J (002204) | Section: 07-NORTH TRYON DIVISION | Entered Date/Time: 08/03/2005 2012 |
| Narrative: On 7/28/05 I received information that a subject who goes by the name "Lil. Mert" later identified as Meredith Cunningham would be delivering some crack cocaine to the Sams Mart located in the 1100 block of West Sugar Creek. At approximately 1100 hours I received information that Cunningham was in the Sam Mart parking lot and waiting to deliver the drugs. I relayed the information over the radio. A short time later Mr. Cunningham was taken into custody. Mr. Cunningham was in possession of Cocaine and three Ecstasy pills. | | |

# CHARLOTTE-MECKLENBURG POLICE DEPARTMENT

## Officer/Internal Incident Report
### Confidential Law Enforcement Data

| Document: | Document# | Document Date: | Document Status: | Complaint #: |
|---|---|---|---|---|
| Supplement | 2 | 08/03/2005 | Approved | 20050728-1138-00 |

None Reported

## VICTIM/SUSPECT RELATIONSHIP - NONE REPORTED
## DOMESTIC VIOLENCE - NONE REPORTED

## PROPERTY

### PROPERTY

| Property# | Type: | Property: |
|---|---|---|
| 1 of 5 | Drugs/Narcotics | Consumable Goods |

Specific Item / Description:
**Crack Cocaine**

| Make: | Model: | Year: | Color / Finish: | Vin# / Serial#: |
|---|---|---|---|---|
| | | | | |

| License Number: | License State: | License Year: |
|---|---|---|
| | | |

Other Identifying Features:

| Quantity/Unit of Measure: | Type of Drug: |
|---|---|
| 6.3 Gram | "Crack" Cocaine |

| Victim Name: | Victim Business Name: |
|---|---|
| | STATE OF NORTH CAROLINA |

| Property Disposition: | Initial Recovery Date: |
|---|---|
| | |

| Other Jurisdiction: | Ncic Code: |
|---|---|
| | |

| How was the recovered property located? | Was stolen/recovered report made by CMPD ? |
|---|---|
| | |

| Reporting Agency: | State: | Complaint#: |
|---|---|---|
| | | |

| Is owner of property known? | Has the owner been notified? | If owner cannot be located, does finder want property? |
|---|---|---|

| Burned: | Damaged: | Forged: | Found: |
|---|---|---|---|
| | | | |

| Lost: | Recovered: | Seized: | Stolen: |
|---|---|---|---|
| | | $620.00 | |

### PROPERTY

| Property# | Type: | Property: |
|---|---|---|
| 2 of 5 | Drugs/Narcotics | Consumable Goods |

Specific Item / Description:
**Green Marijuana**

| Make: | Model: | Year: | Color / Finish: | Vin# / Serial#: |
|---|---|---|---|---|
| | | | | |

| License Number: | License State: | License Year: |
|---|---|---|
| | | |

Other Identifying Features:

| Quantity/Unit of Measure: | Type of Drug: |
|---|---|
| 11.7 Gram | Marijuana |

| Victim Name: | Victim Business Name: |
|---|---|
| | STATE OF NORTH CAROLINA |

# CHARLOTTE-MECKLENBURG POLICE DEPARTMENT

### Officer/Internal Incident Report
### Confidential Law Enforcement Data

| Document: | Document# | Document Date: | Document Status: | Complaint #: |
|---|---|---|---|---|
| **Supplement** | **2** | **08/03/2005** | **Approved** | **20050728-1138-00** |

| Property Disposition: | Initial Recovery Date: |
|---|---|
| Other Jurisdiction: | Ncic Code: |
| How was the recovered property located? | Was stolen/recovered report made by CMPD ? |
| Reporting Agency: | State: / Complaint#: |

| Is owner of property known? | Has the owner been notified? | If owner cannot be located, does finder want property? |
|---|---|---|

| Burned: | Damaged: | Forged: | Found: |
|---|---|---|---|
| Lost: | Recovered: | Seized: **$70.00** | Stolen: |

## PROPERTY

| Property# | Type: | Property: |
|---|---|---|
| **3 of 5** | **Drugs/Narcotics** | **Consumable Goods** |

Specific Item / Description:
**Ecstasy**

| Make: | Model: | Year: | Color / Finish: | Vin# / Serial#: |
|---|---|---|---|---|

| License Number: | License State: | License Year: |
|---|---|---|

Other Identifying Features:

| Quantity/Unit of Measure: | Type of Drug: |
|---|---|
| **3 Dosage Unit/Items (pills, etc.)** | **Other** |

| Victim Name: | Victim Business Name: **STATE OF NORTH CAROLINA** |
|---|---|

| Property Disposition: | Initial Recovery Date: |
|---|---|
| Other Jurisdiction: | Ncic Code: |
| How was the recovered property located? | Was stolen/recovered report made by CMPD ? |
| Reporting Agency: | State: / Complaint#: |

| Is owner of property known? | Has the owner been notified? | If owner cannot be located, does finder want property? |
|---|---|---|

| Burned: | Damaged: | Forged: | Found: |
|---|---|---|---|
| Lost: | Recovered: | Seized: **$70.00** | Stolen: |

## PROPERTY

| Property# | Type: | Property: |
|---|---|---|
| **4 of 5** | **Drugs/Narcotics Equipment/Paraphernalia** | **Drug/Drug Related** |

Specific Item / Description:
**Scale, Gray in color**

# CHARLOTTE-MECKLENBURG POLICE DEPARTMENT

## Officer/Internal Incident Report
### Confidential Law Enforcement Data

| Document: Supplement | Document# 2 | Document Date: 08/03/2005 | Document Status: Approved | Complaint #: 20050728-1138-00 |
|---|---|---|---|---|

| Make: | Model: | Year: | Color / Finish: | Vin# / Serial#: |
|---|---|---|---|---|

| License Number: | License State: | License Year: |
|---|---|---|

**Other Identifying Features:**

| Quantity/Unit of Measure: | Type of Drug: |
|---|---|

| Victim Name: | Victim Business Name: STATE OF NORTH CAROLINA |
|---|---|

| Property Disposition: | Initial Recovery Date: |
|---|---|

| Other Jurisdiction: | Ncic Code: |
|---|---|

| How was the recovered property located? | Was stolen/recovered report made by CMPD ? |
|---|---|

| Reporting Agency: | State: | Complaint#: |
|---|---|---|

| Is owner of property known? | Has the owner been notified? | If owner cannot be located, does finder want property? |
|---|---|---|

| Burned: | Damaged: | Forged: | Found: |
|---|---|---|---|
| Lost: | Recovered: | Seized: $20.00 | Stolen: |

## PROPERTY

| Property# 5 of 5 | Type: Money/Cash | Property: Money and Securities |
|---|---|---|

**Specific Item / Description:**
$677.00

| Make: | Model: | Year: | Color / Finish: | Vin# / Serial#: |
|---|---|---|---|---|

| License Number: | License State: | License Year: |
|---|---|---|

**Other Identifying Features:**

| Quantity/Unit of Measure: | Type of Drug: |
|---|---|

| Victim Name: | Victim Business Name: STATE OF NORTH CAROLINA |
|---|---|

| Property Disposition: | Initial Recovery Date: |
|---|---|

| Other Jurisdiction: | Ncic Code: |
|---|---|

| How was the recovered property located? | Was stolen/recovered report made by CMPD ? |
|---|---|

| Reporting Agency: | State: | Complaint#: |
|---|---|---|

| Is owner of property known? | Has the owner been notified? | If owner cannot be located, does finder want property? |
|---|---|---|

| Burned: | Damaged: | Forged: | Found: |
|---|---|---|---|

# CHARLOTTE-MECKLENBURG POLICE DEPARTMENT

## Officer/Internal Incident Report
### Confidential Law Enforcement Data

| Document: | Document# | Document Date: | Document Status: | Complaint #: |
|---|---|---|---|---|
| Supplement | 2 | 08/03/2005 | Approved | 20050728-1138-00 |

| Lost: | Recovered: | Seized: $677.00 | Stolen: |
|---|---|---|---|

### OFFENSE CLASSIFICATIONS

Incident classification (UCR):
**35A – Drug/Narcotic Violations**

| All Offenses Involved: NIBRS Attempted / Completed | NC Offense Category: | NIBRS Classification: | Code: |
|---|---|---|---|
| Completed | Narcotics / Drug/Narcotic Violation | Drug/Narcotic Violations | 35A |
| Completed | Narcotics / Drug Equipment Violation | Drug Equipment Violations | 35B |

### Drug Equipment Violation

| | |
|---|---|
| Victims associated with this offense: | STATE OF NORTH CAROLINA |
| Suspects associated with this offense: | 1. CUNNINGHAM, MEREDITH ANTONIO |
| 1. Name the Neighborhood, Apartment Complex, and/or Business District: | |
| 2. Was the drug a prescription? | No |
| 3. What is the patients name the drug is prescribed to (from the prescription bottle)? | |
| 4. What is the prescription number listed on the prescription (from the prescription bottle)? | |
| 5. What is the name and address of the pharmacy that filled the prescription (from the prescription bottle)? | |
| **Criminal Activities** | |
| Criminal Activities: | Possessing/concealing |
| **Involved Drugs** | |
| None reported | |

### Drug/Narcotic Violation

| | |
|---|---|
| Victims associated with this offense: | STATE OF NORTH CAROLINA |
| Suspects associated with this offense: | 1. CUNNINGHAM, MEREDITH ANTONIO |
| 1. Name the Neighborhood, Apartment Complex, and/or Business District: | |
| 2. Was the drug a prescription? | No |
| 3. What is the patients name the drug is prescribed to (from the prescription bottle)? | |
| 4. What is the prescription number listed on the prescription (from the prescription bottle)? | |
| 5. What is the name and address of the pharmacy that filled the prescription (from the prescription bottle)? | |
| **Criminal Activities** | |
| Criminal Activities: | Distributing/selling |
| **Involved Drugs** | |
| 1. Type of Drug: | Narcotics |
| 2. Specific Drug: | "Crack" Cocaine |
| 3. Quantity of Drug: | 6.3 |
| 4. Measurement of drug quantity: | Gram |
| 5. Were the drugs seized? | Yes |
| Drug #2 | |

Meredith A. CUNNINGHAM
3:04CR80-01-MU

## THE COURT ORDERS

[ ] No Action

[✓] The Issuance of a Warrant

[ ] The Issuance of a Summons

[ ] Other

_____
Signature of Judicial Officer

8/9/05
Date